UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 09-22532-CIV-JORDAN

| | |
|---|---|
| MERCEDES BRAVO, et al., | ) |
|     Plaintiffs | ) ) ) |
| vs. | ) ) |
| EDEN ISLES CONDOMINIUMS, INC. and JONATHON MARKS, | ) ) ) |
|     Defendants | ) ) |
| _____ | ) |

**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT AND MOTION TO STRIKE**

Eden Isles' motion for summary judgment [D.E. 19], Jonathan Marks' motion for summary judgment [D.E. 18], and the plaintiffs' motion for partial summary judgment [D.E. 47] are DENIED. Additionally, the defendants' motion to strike the plaintiffs' notice of filing deposition transcripts [D.E. 66] is DENIED.

**I. MOTION TO STRIKE**

As a preliminary matter, the defendants move to strike the plaintiffs' filing of the depositions of Mr. Miguel Bravo and Mr. Jose Bravo, Jr. The defendants claim that these depositions should be excluded because they contradict facts previously admitted by the plaintiffs. In their statement of material facts for summary judgment, the defendants stated: "Bravo's brother and father never provided a Notice of Intent to Rent or Sell to EDEN ISLES regarding BRAVO. Thus, BRAVO never received a rental application from EDEN ISLES." Ms. Bravo said this fact was "[a]dmitted, but not material." Ms. Bravo then responded to my order requesting information regarding the alleged futility of the notice to rent or sell by providing deposition testimony from her brother that he and his father had provided Eden Isles with the notice of intent to rent or sell many times with regard to many different tenants, but that Eden Isles consistently had refused to accept it.

To support their argument that the deposition testimony should be stricken, the defendants cite two cases, *Hall v. Burger King Corp.*, 912 F.Supp. 1509, 1536 (S.D. Fla. 1995), and *Van T. Junkins and Associates, Inc. v. U.S. Industries, Inc.*, 736 F.2d 656, 657 (11th Cir. 1984). But these

cases merely stand for the principle that a party cannot create an issue of material fact at summary judgment using a sham affidavit, i.e., the same person cannot contradict *his own* deposition testimony with an affidavit and then assert that there is a material issue of fact. Moreover, courts "apply the sham affidavit concept to limited circumstances and thus every discrepancy contained in an affidavit does not justify a district court's refusal to give credence to such evidence." *See Akins v. Fulton County, Ga.*, 278 Fed. Appx. 964, 968 (11th Cir. 2008). Here, the concept does not apply. First, to the extent that the plaintiffs contradict their admissions, they do so with the testimony of third-party witnesses and not their own statements. The defendants cite no cases, and my own research has revealed no cases, that suggest that this is a reason to strike relevant evidence. Second, the plaintiffs' admission was merely that they did not dispute that Eden Isles did not receive the notice of intent to rent or sell regarding Ms. Bravo. Ms. Bravo's brother stated that he and his father had tried to submit a notice of intent to rent or sell, both on this occasion and at other times, but Eden Isles had refused to accept them. Those statements do not seem sufficiently contradictory to me to indicate that Ms. Bravo's brother's testimony was a sham.

The defendants also complain that the deposition testimony is evidence discovered at the "11th hour." Yet, the testimony at issue comes from depositions taken by the defendants, themselves. Fault for the discovery of this information at the "11th hour" thus lies with the defendants for failing to take the depositions sooner. Furthermore, the depositions were filed in response to my request for information on whether this case was ripe for review given that Ms. Bravo's relatives possibly had not put the condo up for rent at the time of the Ms. Bravo's attempt to rent the unit [D.E. 61]. The plaintiffs cannot be faulted for supplying information I specifically requested. The defendants were also invited to provide information on the issue of ripeness, but provided no additional information.

Accordingly, the defendants' motion to strike the deposition testimony [D.E. 66] is DENIED.

## II. FACTS

Ms. Bravo's brother and father jointly own a condominium in the Eden Isles complex. Mr. Marks is the president of the homeowners' association at Eden Isles. On February 2, 2009, Ms. Bravo attempted to rent her relatives' condo for herself and her three children by requesting a rental application from Mr. Marks, as a representative of Eden Isles. Mr. Marks refused to give her a rental

application because (1) her relatives had not completed the requisite "Notice of Intent to Rent or Sell," (2) according to Mr. Marks, Eden Isles was a housing community restricted to individuals over the age of 55 and Ms. Bravo was not over 55, and (3) as an entity restricted to individuals over 55, Eden Isles did not rent to applicants with children under 18 and Ms. Bravo sought housing for herself and her three small children.

Ms. Bravo asserts that her father and brother had attempted to provide Eden Isles with the notice of intent to rent or sell multiple times, both in relation to her application to rent the apartment and for others to rent the apartment. Ms. Bravo's brother, Miguel, testified that he and his father had "had to submit that document a million times via certified mail, via fax, via in person, and we document each and every occasion and they still don't [have it] – sometimes they don't have it, never got it, or don't know where [it is]." *See* Miguel Bravo Dep. 21:19-24. Moreover, Mr. Bravo testified that when he attempted to turn in the notice in person for his sister's application, Eden Isles told him that "they already knew that I was renting the unit and [the notice of intent to rent or sell is necessary] only if you're going to sell." *See id*. at 20:22-21:2. Ms. Bravo also claims that Mr. Marks told her that completing the application was unnecessary because Eden Isles would not rent to anyone with children.

Eden Isles counters that its residents are all, or almost all, over the age of 55. Eden Isles asserts that it conducts a survey every two years to determine that it meets the occupancy requirement. *See* Rockwell Dep. 37:5-19. This survey includes information on the owners of the building and the occupants of the building, based exclusively on information provided to the management office indicating the owner and any renters. *See id*. Ms. Rockwell, Eden Isles' office manager, explained that the management office has information on the renters of the apartments because of the screening process Eden Isles undertakes to approve a rental application. *See id*. at 39:21-40:9. When asked if anyone had been allowed to rent a unit when none of the occupants would have been 55 or older, she stated: "There have been a few occasions that I believe someone may have been 53, 54, on the cusp, and they chose to take their shot before the screening committee. And I believe that there have been some people approved that were on the cusp, real close, maybe 54 turning 55 shortly, in that area." *See id*. at 72:14-19. Ms. Rockwell admitted, however, that Eden Isles conducts no door-to-door surveys or telephone calls to verify the information in their records

is correct. *See id*. at 40:10-41:2. Ms. Bravo says that more than 20% of Eden Isles residents are under the age of 55, and that her relatives successfully rented their unit to a 52-year-old following her unsuccessful attempt to rent the condo.

The plaintiffs allege that the defendants' conduct violated the Fair Housing Act, 42 U.S.C. §§ 3601 et seq., and its regulations.

### III. STANDARD

A motion for summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Where the non-moving party fails to prove an essential element of its case for which it has the burden of proof at trial, summary judgment is warranted. *See Celotex Corp.*, 477 U.S. at 323. That is, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*quoting First Nat'l Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 289 (1968)). In making this assessment, the court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party," *see Stewart v. Happy Herman's Cheshire Bridge, Inc.,* 117 F.3d 1278, 1285 (11th Cir. 1997), and "resolve all reasonable doubts about the facts in favor of the nonmovant." *See United of Omaha Life Ins. v. Sun Life Ins. Co.*, 894 F.2d 1555, 1558 (11th Cir. 1990).

### IV. ANALYSIS

Each of the parties has moved for summary judgment. I will address each motion in turn below.

#### A. EDEN ISLES' MOTION FOR SUMMARY JUDGMENT

Eden Isles moved for summary judgment on the ground that this case is not ripe for review because Ms. Bravo's relatives did not submit a notice of intent to rent or sell their unit. Thus, Ms. Bravo never appropriately applied to rent the apartment. Ms. Bravo responded that it was futile for her relatives to submit the requisite forms because they had tried several times in the past to submit the forms, but to no avail, and Eden Isles had informed Ms. Bravo that even with the form they

4

would not rent to her because her children would be living in the condo.

"Whether a matter is ripe for adjudication is a question of law," *Woodfield Equities, LLC v. Incorporated Village of Patchogue*, 357 F.Supp.2d 622, 631 (E.D.N.Y. 2005). "Ripeness reflects constitutional considerations that implicate Article III limitations on judicial power, as well as prudential reasons for refusing to exercise jurisdiction." *Stolt-Nielsen, S.A. v. AnimalFeeds International Corp.*, 130 S. Ct. 1758, 1767 n.2 (2010) (internal quotations omitted). *See also Mulhall v. Unite Here Local 355*, No. 09-12683, 2010 WL 3526078, at *8 (11th Cir. Sep. 10, 2010) ("The ripeness doctrine is one of the several strands of justiciability doctrine . . . that go to the heart of the Article III case or controversy requirement") (internal quotations omitted). To determine if a claim is ripe, a court must "assess both the fitness of the issues for judicial decision and the hardship to the parties of withholding judicial review." *See Mulhall*, 2010 WL 3526078, at *8 (internal citations omitted). To assess fitness, a court considers "questions of finality, definiteness, and the extent to which resolution of the challenge depends upon facts that may not yet be sufficiently developed." *See id.*

A plaintiff's failure to apply for housing appropriately calls into question whether the an alleged Fair Housing Act violation is ripe for review. *See id*. at 631-32 (ripeness of FHA case called into question because plaintiffs did not apply for permit for housing). *Cf. Strickland v. Alderman*, 74 F.3d 260, 265-66 (11th Cir. 1996) (due process and equal protection challenges to denial of building permit were not ripe for review because plaintiff had not filled out application to request permit). A plaintiff, however, need not engage in futile gestures to meet the ripeness requirement. *See Pinchback v. Armistead Homes Corp.*, 907 F.2d 1447, 1450-52 (4th Cir. 1990); *Darby v. Heather Ridge*, 806 F.Supp. 170, 174 (E.D. Mich. 1992). The futile gesture doctrine requires a party show that (1) she is a member of a group protected by the FHA, made a bonafide offer to rent, and would have been financially capable of renting the apartment if offered; (2) the defendant generally discriminated against the protected group; (3) the plaintiff was reliably informed of the defendant's discriminatory policies and would have taken steps to rent but for the discrimination; and (4) the defendant would have discriminated against the plaintiff had the plaintiff attempted to rent. *See Darby*, 806 F.Supp. at 174.

Both parties agree that Ms. Bravo and her children are protected by the FHA if Eden Isles is

5

not subject to the "housing for older persons" exemption. The parties agree that Eden Isles generally does not rent to families with children (although Eden Isles claims its policy is based on an exemption to the FHA). The parties also agree that Ms. Bravo was informed of the policy of not renting to families with children. The parties further agree that Eden Isles would have rejected Ms. Bravo's attempt to rent if she had returned all of the requisite forms. The parties' disagreement, then, is best categorized as whether Ms. Bravo would have taken steps to rent the apartment but for the alleged discrimination.

Eden Isles claims that Ms. Bravo fails on this issue because her relatives did not submit the requisite notice of intent to rent or sell. Ms. Bravo responds that she did everything she could to comply with the application procedures, and that submitting the notice would have been futile. As noted earlier, Ms. Bravo's brother Miguel testified that he and his father had tried to submit the requisite form on numerous occasions, "via certified mail, via fax, [and] via in person," but that Eden Isles would not receive or accept the form. Additionally, Ms Bravo's brother testified that when he attempted to turn in the notice in person, Eden Isles told him "they already knew that I was renting the unit and [the notice of intent to rent or sell is necessary] only if you're going to sell."

Thus, there are at least material issues of fact as to whether submitting the notice of intent to rent or sell itself would have been futile, and whether Ms. Bravo failed to apply to rent the condo. Eden Isles' motion for summary judgment therefore is denied.

### B. Mr. Marks' Motion for Summary Judgment

Mr. Marks individually moved for summary judgment, claiming that he should be exempted from liability because he operated under a good faith belief that Eden Isles was a "55-and-over" housing community and therefore was exempt from the FHA. Under the FHA, an individual will not be personally liable for violation of the Act if he or she "has no actual knowledge that the facility or community is not, or will not be, eligible for [the "housing for older persons"] exemption; and the facility or community has stated formally, in writing, that the facility or community complies with the requirements for such exemption." 42 U.S.C. § 3607(b)(5)(B). *See also Tapley v. Collins*, 211 F.3d 1210 (11th Cir. 2000) (noting the existence of a good-faith defense in the FHA). Pursuant to the regulations implementing the FHA, "[b]efore the date on which the discrimination is said to have occurred, [Eden Isles], through its authorized representatives, must [have] certif[ied] in writing and

under oath or affirmation, to [Mr. Marks] that it complies with the requirements for such an exemption as housing for persons 55 years of age or older in order for [Mr. Marks] to claim the defense." *See* 24 C.F.R. § 100.308(b)(2). Mr. Marks has produced an undated letter to owners of units at Eden Isles indicating that the board of directors of the community had "reaffirm[ed] the provisions contained in the By-Laws" to remain a community for individuals aged 55 and older. Mr. Marks also has produced the 2009 rules and regulations of the community, which state that Eden Isles is a 55-and-older community. Neither of these documents, however, provided any certification under oath or affirmation by an authorized representative, as required by § 100.308(b)(2). Mr. Marks' motion for summary judgment based on this exemption therefore is denied.

### C. THE PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

The plaintiffs moved for partial summary judgment that Eden Isles and Mr. Marks violated the FHA by refusing to rent to families with children without qualifying for the "housing for older persons" exemption. When all facts are viewed in the light most favorable to the defendants, it is not clear at this juncture that Eden Isles does not qualify for the "housing for older persons" exemption. To qualify, 80% of Eden Isles' residents must be over 55 years old, and Eden Isles must verify this occupancy through "reliable surveys and affidavits." *See* 42 U.S.C. § 3607(b)(2)(C).

The plaintiffs claim that Eden Isles is not comprised of 80% residents over 55 and that the defendants' survey methods are unreliable. According to Eden Isles' office manager, Ms. Rockwell, Eden Isles conducts a survey every two years to determine that they meet the occupancy requirement by reviewing the files the management office has for each unit. These files contain information on the owners and renters provided to the management office when a unit is bought or rented. Eden Isles bases its belief of its compliance with the FHA and its regulations entirely on these reviews of paper files, and conducts no door-to-door interviews. When asked if anyone had been allowed to rent a unit when none of the occupants were 55 or older, Ms. Rockwell stated: "There have been a few occasions that I believe someone may have been 53, 54, on the cusp, and they chose to take their shot before the screening committee. And I believe that there have been some people approved that were on the cusp, real close, maybe 54 turning 55 shortly, in that area." Ms. Bravo's brother Miguel attested that his unit was rented to 52-year-old after Ms. Bravo's application was denied. Ms. Bravo has provided no other evidence that Eden Isles did not comply with the 80% occupancy requirement.

Although Eden Isles has not provided a wealth of proof that its units are at least 80% occupied by individuals aged 55 and over, Ms. Bravo's sole evidence that one unit was rented to someone who was not 55 is insufficient for summary judgment on this issue. Similarly, Ms. Bravo argues that Eden Isles' survey methods are unreliable, but offers no undeniable proof of that fact. On this issue, the evidence on both sides is equally scant, but must be viewed in the light most favorable to the defendants. Accordingly, the plaintiffs' motion for partial summary judgment is denied.

## V. CONCLUSION

For the reasons stated above, Eden Isles' motion for summary judgment [D.E. 19], Mr. Marks' motion for summary judgment [D.E. 18], and the plaintiffs' motion for partial summary judgment [D.E. 47] are DENIED. Additionally, the defendants' motion to strike the plaintiffs' notice of filing deposition transcripts [D.E. 66] is DENIED.

DONE and ORDERED in chambers in Miami, Florida, this 20th day of September, 2010.

*[signature]*
Adalberto Jordán
United States District Judge

Copy to:   All counsel of record